## UNITED STATES v. GEORGE RIGGS & CO.

(Circuit Court of Appeals, Second Circuit. March 3, 1905.)

### No. 134.

CUSTOMS DUTIES—CLASSIFICATION—FIGURED COTTONS.

　　The additional duties imposed by Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 313, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], on cotton cloth in which other than ordinary warp and filling threads have been introduced in the process of weaving to form a figure, are to be applied in addition only to the specific rates provided in the other paragraphs of said schedule on cotton cloth, and not in addition to the ad valorem rates provided in said paragraphs.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from the decision of the Circuit Court of the United States for the Southern District of New York reversing a decision of the Board of United States General Appraisers (G. A. 5,374, T. D. 24,562), which overruled the protest of the importers and sustained the action of the collector in assessing duty upon the merchandise in question, which consisted of figured cotton cloth, pursuant to the provisions of paragraphs 306, 307 and 313 of the tariff act of 1897. Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 176, 178 [U. S. Comp. St. 1901, pp. 1657, 1659].

The importers protested against the action of the collector, insisting that the "goods dutiable under paragraph 313 should pay only the specific rates therein provided, according to their value per square yard, in addition to the specific rates provided in paragraphs 304–309 for cotton cloth of the same

description or condition, weight and count of threads to the square inch. The ad valorem provisos of paragraphs 305–309 cannot be applied to any goods assessed under paragraph 313, which has an ad valorem classification of its own. The addition of the specific rates imposed by paragraph 313 to the ad valorem rates of 30, 35 or 40 per cent. provided in paragraphs 305–309 is therefore unauthorized and illegal."

Paragraph 313 is as follows: "Cotton cloth in which other than the ordinary warp and filling threads have been introduced in the process of weaving to form a figure, whether known as lappets or otherwise, and whether unbleached, bleached, dyed, colored, stained, painted, or printed, shall pay, in addition to the duty herein provided for other cotton cloth of the same description, or condition, weight, and count of threads to the square inch, one cent per square yard if valued at not more than seven cents per square yard, and two cents per square yard if valued at more than seven cents per square yard."

Paragraphs 306 and 307 provide for a specific duty upon the cotton cloth therein described, but at the end of each paragraph there is a proviso levying an ad valorem duty on such cloth if it exceeds a certain designated value per square yard.

Three of the items in controversy contain between 100 and 150 threads to the square inch, counting the warp and filling, and fall, therefore, under paragraph 306. The fourth item contains from 150 to 200 threads to the square inch, and falls under paragraph 307.

The opinion of the board clearly states the facts as to the action of the collector and the contention of the importers, as follows:

"All the goods were assessed under the provisos to paragraphs 306 and 307 at 35 per centum ad valorem—the first and third items because they are colored and valued at over 12½ cents per square yard, the second because it was bleached and valued at over 11 cents per square yard, and the last one because it was bleached and valued at over 12 cents per square yard. There was also added a specific duty of 2 cents per square yard, as provided in paragraph 313. It is claimed by the importers that the provisos to paragraphs 306 and 307 are not to be considered in ascertaining the rate to which the additional duty is to be added, and, while it is conceded that the additional duty of 2 cents per square yard should be assessed, it is claimed that it should be added to the duty to be ascertained by classifying the goods under the body of the paragraph, the first three under paragraph 306 and the last under paragraph 307. It is further contended that the additional duty provided for by paragraph 313 cannot be added to the duty provided for in the provisos to said paragraphs 306 and 307, because it is a specific duty, and the duty there provided for is an ad valorem duty."

The decision of the Circuit Court will be found reported in 131 Fed. 568.

D. Frank Lloyd, Asst. U. S. Atty.

W. Wickham Smith, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

COXE, Circuit Judge. Paragraph 313 appears for the first time in Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], and we are inclined to think that it was the purpose of Congress, after cotton cloths had been properly classified under paragraphs 306 and 307 (30 Stat. 176 [U. S. Comp. St. 1901, p. 1657]), to lay an additional duty per square yard upon such cloth as was figured, in other words to place an extra duty upon the figure, so that figured cotton cloth should pay a higher duty than the same cloth plain. But the legislative intent must be derived from the language employed and unless it can be clearly ascertained from paragraph 313 that the collector was justified in assessing the merchandise under the provisos of the preceding paragraphs, the importers should succeed upon the principle that their money should

not be taken from them upon a doubtful construction of the law. It is the duty of Congress to make its meaning clear and if it fails to do so the citizen should not suffer.

When figured cotton cloth is imported it is the duty of the collector to turn to the paragraph of the law which specifically described such cloth and proceed as there directed. This is paragraph 313. It provides that figured cotton cloths shall pay, in addition to the duty provided elsewhere in the act "for cotton cloth of the same description, or condition, weight, and count of threads to the square inch, one cent per square yard," etc. With these instructions before him the collector proceeds to ascertain, first, the description or condition of the goods—whether bleached or unbleached, etc.; second, the weight; and, third, the count of threads. Having found these facts he turns to the appropriate preceding paragraph to ascertain what duty is imposed on such cloth and finds that it is a specific duty of so much per square yard. His course is now clear. Having obtained all the information from the preceding section which the law requires he returns to paragraph 313 and finds that he is now required for the first time to ascertain the value of the goods for the purpose of levying duty under that paragraph,—namely whether valued at more or less than seven cents per square yard.

Assume that the imported merchandise is figured cotton cloth, bleached, containing 125 threads to the square inch and weighing five square yards to the pound, if the collector has no other data regarding it he will inevitably levy a specific duty of three cents per square yard under paragraph 306. He cannot levy an ad valorem duty under the proviso until he knows what the value is, and he cannot know that unless the law permits him to know it. In short, paragraph 313 has given him all the criteria which he is to use in ascertaining the duty under paragraph 306, and they do not include the value of the goods. If this omission be a mistake Congress can cure it, the courts cannot.

It is said that the words of paragraph 313 "other cotton cloth goods of the same description" are broad enough to include value. We think this contention would be entitled to weight if the sentence had stopped with the words quoted, but it is manifest that Congress was not stating a broad, general comparison, but was giving in minute detail the precise points of similarity which were to be taken into consideration. The omission of value from these is significant and cannot be ignored. If Congress had intended the construction urged by the appellant it would have required only the addition of the word "value" after the word "weight" and we are unable to say that the omission may not have arisen from a desire to avoid the imposition of two duties upon the same article based upon the ad valorem standard.

Having found that paragraph 313 does not permit the value of the goods to be considered in fixing the original duty we are not concerned with the effect which this interpretation may have upon other merchandise not involved in the present controversy. As before stated such considerations are not for the courts. The ques-

tion is difficult and perplexing, but for the reasons above stated we are of the opinion that the contention of the appellees is well founded.

Decision affirmed.